# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1399

_____

United States of America,       *
     *
        Plaintiff - Appellee,      *
     *   Appeal from the United States
     v.      *   District Court for the Eastern
     *   District of Arkansas.
Charles Allen Bisbee,      *
     *     [UNPUBLISHED]
        Defendant - Appellant.      *

_____

Submitted: **December 17, 2004**
Filed: July 7, 2005

_____

Before **MELLOY, BOWMAN, and BENTON, Circuit Judges.**

_____

PER CURIAM.

After two days of trial, Mr. Bisbee pleaded guilty to eight counts of mail fraud under 18 U.S.C. § 1341. Over Mr. Bisbee's objection, the district court[1] imposed a role enhancement under U.S.S.G. § 3B1.1 and sentenced him to thirty-three months imprisonment. On appeal, he argues that the evidence was insufficient to support the

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

enhancement. Also, the district court sentenced Mr. Bisbee before the Supreme Court issued its opinion in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). Mr. Bisbee raises a Sixth Amendment argument on appeal claiming that the district court impermissibly based the enhancement on facts neither admitted by the defendant nor found by the jury. We affirm.

Mr. Bisbee's crimes involved the fraudulent sale of stolen vehicles as salvaged and rebuilt vehicles. Participants in the scheme stole vehicles nearly identical to recently wrecked vehicles and switched the vehicle identification numbers between the wrecked and stolen vehicles. Mr. Bisbee then sold the stolen vehicles as salvaged and rebuilt vehicles. On Mr. Bisbee's property, government agents found twenty wrecked vehicles with identification numbers removed. The unwitting buyers used the mail to communicate with lenders, insurers, and a state government agency to finance and register the vehicles.

Mr. Bisbee admitted to these facts in his change of plea hearing. He also admitted during his sentencing hearing that at least two other individuals were involved in the scheme. The district court relied on these facts to assess the role enhancement. This evidence was sufficient to support the enhancement.

When a defendant raises a Sixth Amendment, <u>Blakely</u> claim for the first time on appeal, we review for plain error under the standard set forth in <u>United States v. Pirani</u>, 406 F.3d 543, 551-52 (8th Cir. 2005). To show prejudice under <u>Pirani</u>, a defendant must show a reasonable probability that the district court would have granted a lesser sentence had the district court not treated the Guidelines as mandatory. <u>Id.</u> Here, the district court sentenced Mr. Bisbee at the top of the applicable Guidelines range. There is nothing to suggest that the district court would have given Mr. Bisbee a lesser sentence had the district court not treated the guidelines as mandatory.

The judgment of the district court is affirmed.

_____